## LITTLE v. THOMPSON.

In an action on *Stat.* 1821. *ch.* 161. *sec.* 1. the want of the owner's consent forms a constituent part of the offence, which must be alleged in the declaration, and proved at the trial.

After verdict, those facts *only* are presumed to have been proved, which are either alleged in the declaration, or are so connected with the facts alleged, as that the latter could not have been proved without proving the others also.

In debt for taking and carrying away the plaintiff's logs, against the statute, the declaration was thus:—"for that the "plaintiff at, &c. on the first day of *May, A. D.* 1819, being "possessed of two hundred white pine mill-logs, and fifty Nor-"way-pine mill-logs, which he had turned and put into the "great Androscoggin river, above the falls in said *Lisbon,* with "his mark on the same, to wit, —— and being so possessed of "the same, the said *Thompson* at said *Lisbon,* on, &c. took, and "sawed, and cut up, and carried away and destroyed the said "logs, contrary to the statute in such case made and provided "whereby an action hath accrued to the said *Little* to have and "recover fifty dollars for each and every log so sawed and cut "up, carried away and destroyed as aforesaid, and amounting "in the whole to ten thousand dollars.

"And for that the plaintiff at, &c. on the first day of *May, "A. D.* 1819, being possessed of two hundred white pine logs, "and fifty Norway-pine logs, other than those aforemen-"tioned, which he had turned into the great Androscoggin "river, above the falls in said *Lisbon,* marked, &c. and being "so possessed of the same, the said *Thompson,* at, &c. on, &c. "took, and sawed, and cut up, and carried away, and destroyed "the said logs, contrary to the statute in such case made and "provided ; whereby an action hath accrued to the said *Little* "to have and recover," &c. The writ was dated *August* 28, 1821.

After verdict for the plaintiff, the defendant moved in arrest of judgment for the following reasons ;—

1. Because it appears by both counts in the declaration that the taking, carrying away, and disposing of the logs therein set

Little v. Thompson.

forth was in the year 1819, when the several statutes of the Commonwealth of *Massachusetts* in this case made and provided were in full force ; and it is not averred in said counts or either of them that the said taking was contrary to the form of said several statutes of the said Commonwealth, as ought to have been averred.

2. It is not averred, nor does it appear in and by either of said counts in the said declaration, that the taking, sawing, cutting up, carrying away and destroying the logs therein mentioned, was done and committed by the said *Thompson* without the consent of the said *Little*, the owner, as by law it ought to have appeared and been averred.

3. It does not appear that the said logs in either of said counts were suitable to be sawed into boards, or made or sawed into timber, shingles, joist, clapboards, or any other lumber whatever.

4. The said declaration is unsubstantial, and alleges no offence or cause of action against the defendant.

*Orr*, for the defendant, was about to argue upon the first cause assigned in the motion, but it appearing that the action was brought *after* the passage of the law of *Maine* on this subject, *this* ground was abandoned.

*Fessenden*, for the plaintiff, being called upon by the Court to support the verdict against the second cause assigned, contended that the exception was not material, the fault being cured by the verdict. It is the case of a good title, defectively set out. The want of the consent of the owner was a material fact, without proof of which he could not have had a verdict ; and it must now be taken to have been proved at the trial. *Moor v. Bosworth,* 5 *Mass.* 306. *Pangburn v. Ramsey,* 11 *Johns.* 141. *Bayard v. Malcolm,* 2 *Johns.* 550. No greater strictness is required here than in the case of a tort at common law. The statute is not penal, because it does not create an offence where none before existed ;—but it is cumulative and remedial, and ought therefore to receive a liberal exposition.

*Orr*, in reply, only referred to *Spears v. Parker,* 1 *D. & E.* 141.

MELLEN C. J. delivered the opinion of the Court.

The first cause assigned for arresting the judgment is aban-
doned ; it appearing that the supposed offence was committed
since the statutes of *Massachusetts* were revised, and the statute
of this state was enacted.   The only question is, whether the
*second* reason assigned is sufficient.   It seems to be admitted
that, on demurrer, the declaration would be clearly bad, be-
cause it does not contain an allegation that the logs were tak-
en, sawed, destroyed, &c. " *without the consent of the said Josiah
Little the owner.*"

The words of the act of 1821. *ch.* 163. *sec.* 1. are, " if any
" person shall take, carry away or otherwise convert to his own
" use, *without the consent of the owner*, any log suitable to be
" sawed or cut into boards, clapboards," &c.   The want of the
owner's consent forms a constituent part of the offence created
by the statute.

There being no averment that the logs were taken and car-
ried away with force and arms, all the declaration may be
true ; and yet they may have been taken and carried away by
the consent of the owner, without the commission of trespass
at common law.   The only charge is, that they were taken,
&c. contrary to the statute in such case made and provided ;
and there is no statute against such taking and carrying away
as is alleged.   The statute also says the logs must be suitable
to be sawed or cut.   Has the verdict cured these defects ?   It
is a general rule of pleading that, in declaring upon a penal
statute, the offence must be brought within the statute descrip-
tion, and it seems to be well settled.   The argument is, that if
the plaintiff had not proved that the taking was without his
consent, he could not have obtained a verdict in his favour, and
that therefore the Court must now presume that such fact was
proved.   Upon this point, the authorities do not perfectly
agree ; but the line of distinction between those things which
*may*, and those which *may not* be presumed after verdict, has in
modern cases been drawn more clearly than in some of the an-
cient decisions.   The case of *Spears v. Parker*, 1 *D. & E.* 141.
is a strong one to shew that the verdict has not cured the de-
fects of the declaration.   Judgment was there arrested because
the exceptions in the enacting clause of the statute, on which

the action was founded, were not negatived by the plaintiff in
his declaration. *Buller J.* says,—" As to its being intended
" after verdict, nothing is to be presumed but what is express-
" ly stated in the declaration, or what is *necessarily implied* from
" those facts which are stated. I know of no decision against
" this rule." The principles of law on this subject, as settled by
the numerous cases in the books, are concisely stated in a learn-
ed note to page 186, 1 *Day's Rep.* which is understood to have
been drawn up by Judge *Reeve.*

Some of the rules he lays down may be cited here. " The
" total omission of any material fact, which is in no way con-
" nected with any fact alleged, is not cured by verdict."—" In
" many cases, facts entirely omitted are so connected with facts
" alleged, that the facts alleged cannot be proved, without prov-
" ing those omitted. For instance, where notice to the defend-
" ant is necessary to be stated, if notice is stated, but the time
" and place when and where given is omitted; as notice could
" not be proved without proving the time and place, these are
" presumed to be proved to the jury. But let the fact of *notice*
" be omitted, and it could not regularly be proved, and, of
" course, there is no room for presumption. And so it is in
" every case where a fact is omitted which makes a part of the
" gist of the action; and I think all the cases on the subject
" will come within some of the rules and distinctions mentioned
" above. See *Doug.* 683. 1 *Salk.* 364. 2 *Salk.* 662. 1 *D. &*
" *E.* 141." " Another substantial reason why material facts
" not stated cannot be presumed to have been proved, is, that
" the jury are bound to find a verdict for the plaintiff when
" they find all the facts stated in the declaration to be true;
" and the plaintiff is not obliged to prove any more than he has
" stated. The idea then which has been entertained by some
" respectable lawyers, that after verdict the Court will presume
" facts, not stated, necessary to support legal inferences, ap-
" pears to be unfounded."

Several of the cases cited in the above note, and some of
the illustrations, refer to actions at common law, as on contract,
&c. And if these principles are applicable to that class of
actions, *a fortiori*, they are to actions on penal statutes, although
of a remedial character. The case of *Moor v. Bosworth* cited

by the plaintiff's counsel was decided upon the principle that a substantial offence was set forth, and the fact omitted must have been proved in establishing the facts which were stated; viz. the payment of the fees unlawfully demanded. But in that case, if the declaration had not contained an averment that the defendant wilfully and corruptly received the money, it would have been clearly bad, because those words are a substantive part of the description of the offence, as, in the case before us, are the words " without the consent of the plaintiff."

It is our opinion that the declaration is fatally defective, and that the defects are not cured by the verdict. And accordingly the

*Judgment is arrested.*