# HARRY W. SWINHART v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

### Division One, November 27, 1907.

1. **RAILWAY: Construction in Street: No Consent: Duty of Plaintiff to Prove.** In a suit by owners of property abutting on a public road in a county, to enjoin the use of a railway constructed therein by a railway corporation and to require its removal, it is not incumbent on the plaintiffs to make proof of their negative allegation that the county court had not given its consent to the construction of the railway in the public highway. Without such permission defendant is a trespasser, and the duty to show that permission is upon defendant.

2. **NEGATIVE ALLEGATIONS: Proof: Civil Case.** A negative allegation, the subject-matter of which lies peculiarly within the knowledge of the defendant, will be taken as true without proof, unless disproved by defendant. And this rule applies to civil as well as criminal cases. So where it is alleged, in an injunction suit, that defendant constructed its street railway in a public highway without the permission of the county court, that averment will be taken as true, without proof thereof on plaintiff's part, unless disproved by defendant.

3. **APPROPRIATION OF HIGHWAY: Injunction: Remedy at Law.** Where the evidence tends to show that by reason of the manner of its construction of a railway in a public street and the use to which defendant put it, the practical usefulness of the street to the owners of the abutting property was destroyed, there is no adequate remedy at law, and the equitable remedy, of an injunction against the railway company to enjoin the further use of its tracks so laid and to require their removal, is the proper one.

4. ————: ————: **Trespasser.** So likewise is injunction the remedy where defendant is a trespasser. In such case defendant has no standing in court to complain of the remedy invoked by plaintiffs, or to contend that they have a remedy at law.

5. ————: **Protests: Estoppel.** A failure of plaintiffs to protest against the appropriation of the public highway is but one element tending to establish estoppel.

6. ————: ————: ————: **Must Be Pleaded: Modification of Rule.** Estoppel is an affirmative defense and must be pleaded.

And where the petition charged that the street railway was built in the public highway over the protest and objections of plaintiffs, and there was no proof of that allegation, and the answer was a general denial, defendant cannot on appeal insist on this failure of proof, nor insist that plaintiffs are estopped by their acquiescence in defendant's trespass by permitting nearly two years to pass before urging active complaints and objections. And whether or not the rule that estoppel must be specially pleaded has been so modified as to estop respondent on appeal to insist on the rule, by the fact that both sides tried the case as if such estoppel were pleaded, the rule still remains in force where the evidence shows the case was not so tried, but that the evidence as to protests was introduced upon another pertinent issue in the case.

7. ———: Decree. Where defendant has no legal right to use the public highway for its street railway, the court should not by its decree permit it to use a part of it, but should compel it to remove the obstruction entirely.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Boyle & Priest* and *T. M. Pierce* for appellant.

(1) The court erred in not dismissing the petition of the plaintiff: (a) Because there was a failure on the part of plaintiff to prove material and necessary allegations in his petition, in that he failed to show that the track of defendant was laid without the authority of the county or State and against his own protest and objection. Greenleaf on Evidence (14 Ed.), secs. 74 and 80; Bank v. Dandridge, 12 Wheat. 64; 1 Jones on Evidence, sec. 50; State ex rel. v. Kupferle, 44 Mo. 158; Ins. Co. v. Smith, 73 Mo. 371; Chouteau v. Railroad, 122 Mo. 384; Wyrich v. Railroad, 74 Mo. App. 417; State ex rel. v. Hudson, 86 Mo. App. 501; Clements v. Macheboeuf, 92 U. S. 425; Pringle v. Woolworth, 90 N. Y. 510. (b) Because, on the pleadings and evidence, plaintiff was shown to have a complete

and adequate remedy at law. Planet Prop. & Fin. Co.
v. Railroad, 115 Mo. 613; Restetsky v. Railroad, 106
Mo. App. 382; Walker v. Railroad, 57 Mo. 275; Stephen-
son v. Railroad, 68 Mo. App. 642; Lockwood v. Rail-
road, 122 Mo. 101; Lumber Co. v. Railroad, 129 Mo.
455; Knapp, Stout & Co. v. Railroad, 126 Mo. 38;
State ex rel. v. Railroad, 86 Mo. 14; Dubach v. Rail-
road, 89 Mo. 488; R. S. 1899, sec. 9454; Osborne v.
Railroad, 147 U. S. 259. (c) Because, by acquiescence
and laches, plaintiff is estopped from disturbing de-
fendant in the operation and maintenance of its track.
High on Injunctions (2 Ed.), secs. 643, 637 and 786;
Childs v. Railroad, 117 Mo. 432. (2) The court erred
in refusing to modify its decree and permit defendant
to so place its track on Horton Place as to avoid any
possibility of interference with the rights of the plain-
tiff as adjacent owner. Paddock v. Somes, 102 Mo.
226; Carlin v. Wolff, 154 Mo. 543; State ex rel. v.
Dearing, 180 Mo. 53; Yudes v. Foundry Co., 124 Mo.
347.

   *Leverett Bell* for respondent.

   (1) The burden of proof is on appellant to show
that it was authorized by the State or by the county
of St. Louis to lay, maintain and operate its railway
track in Horton Place. R. S. 1899, sec. 1035; State
Const., sec. 20, art. 12; State v. Lipscomb, 52 Mo. 32;
State v. Edwards, 60 Mo. 490. (2) Respondent has
no complete or adequate remedy at law for the in-
juries complained of in this case. R. S. 1899, sec. 3469;
Lockwood v. Railroad, 122 Mo. 101. (3) Respondent
is not estopped by acquiescence and laches from prose-
cuting this action. There is nothing in the testimony
showing laches or acquiescence on the part of respond-
ent. Bales v. Perry, 51 Mo. 449. The answer is a
general denial. No estoppel is pleaded. No laches on
the part of plaintiff is averred. Estoppel if relied

upon must be pleaded. Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235.

GRAVES, J.—One could adopt the statement made of this case by counsel either for plaintiff or defendant, and not be far wrong. However, with a view to brevity, and to bring out one or two salient features a little more fully, we do not so do, but attempt the task ourselves.

Plaintiffs are abutting property-owners on the north side of Horton Place shown to be a public thoroughfare, sixty feet in width. Horton Place extends over and across the corporate line separating St. Louis county and the city of St. Louis, and is therefore both in the city and county of St. Louis; but plaintiff's property lies in the county of St. Louis. The real situation, with the location of the property, is best shown by the plat thereof which was introduced in evidence:

From this plat and other evidence it appears that prior to 1901, the defendant, a street railway company, had and still has its line of street railway running from the city of St. Louis to points in St. Louis county. Prior to 1901 the three plaintiffs owned lots 11 and 12 as indicated on the plat. In 1901 the defendant built a single track, near the crossing of DeHodiamont avenue, up through Horton Place, to the Wabash Railroad tracks on the west. The defendant owned property on both sides of Horton Place for the purposes indicated and marked on this plat. This single track in Horton Place was not used for defendant's regular business of carrying passengers, but was used to reach the shops and car sheds owned by it, and in bringing cars and material thereto. This rendered Horton Place practically a car yard. In February, 1903, the shops of defendant were almost entirely destroyed by fire, and shortly thereafter, work of bringing in material for the rebuilding of the shops began, and Horton Place, more than ever, became a car yard, on account of storing cars of material upon the street. June 2, 1903, these plaintiffs filed their bill in equity, wherein, among other things, is charged:

"That all of said property is improved with dwelling houses erected by plaintiffs, fronting on said Place, and occupied by plaintiffs and their tenants, as places of residence, and that access of said property to Horton Place is an important element in its value. That the defendant is a railway corporation organized, created and existing under the law of the State of Missouri, and is engaged in operating an electric railway in the city and county of St. Louis, for the transportation of passengers. That Horton Place possesses a width of sixty feet. That after the plaintiffs had acquired the property aforesaid, the defendant, to-wit, about the year 1901, without any authority of law and without permission of the county of St. Louis or State

of Missouri, and against the protest and objection of the plaintiffs, proceeded to and did lay and construct a railway track along, in and upon Horton Place aforesaid, in front of plaintiffs' said property, connecting the main line of the defendant in the city of St. Louis with the Wabash Railway at Vendome avenue in the county of St. Louis, and said defendant without any authority proceeded to erect poles in said street supporting electric wires, which it employs in moving cars upon said track, and the defendant has since and is now engaged in operating and switching and storing cars on said track, and the maintenance and operation of said track and wires and poles and cars in said Horton Place as the same are now being pursued and carried on by the defendant, hinders and prevents the public and the plaintiffs from using the street, and excludes all vehicles from the street and destroys the use of the street as a public thoroughfare, all of which under the law of the land is without legal justification or excuse. That by the construction, maintenance and operation of said track on Horton Place, between the points named, the property above mentioned, owned by the plaintiffs, is greatly depreciated and damaged in its selling and rental value, and will hereafter be greatly diminished and lessened and that the damages that have and will accrue to the plaintiffs by reason of the matters aforesaid differ in degree and kind from those which have and will result to other members of the community or to the public at large from the same causes.

"Plaintiffs pray that the defendant, its officers, agents and servants, may be forever enjoined from operating said track with cars, and that they be enjoined and compelled by the order of this court to remove said track and poles and wires from Horton Place between the points named, and that plaintiffs

may have such other relief as they are entitled to and their costs in this behalf expended."

The answer of defendant was a general denial. The evidence disclosed that there were dwelling houses upon each of the lots, designated in the plat by number and name, being some four in addition to the plaintiffs'. It also showed that the only practical way in and out of Horton Place was at the east. That the way over and across the Wabash Railroad tracks was impracticable and not then in use; that the street railway track was constructed on or about the center of Horton Place, by putting the ties upon the surface of the ground, and then the rails thereupon; that by such construction it was difficult to cross this track; that cars, both street railway and some from the Wabash Railroad, were continuously being stored and permitted to stand upon this track. There was also evidence of the depreciation of the property of plaintiffs in value, by reason of the fact that this car line was maintained there, and used in the way it was used, as was there also evidence of the great inconvenience suffered by the plaintiffs and other occupants of the residence property on the north side of Horton Place.

After hearing the evidence, the trial court entered a decree for plaintiffs in this language:

"This cause coming on to be heard on the pleadings and the evidence adduced and being submitted to the court, and the court being now fully advised of and concerning the same, the court doth find and determine the issues herein in favor of the plaintiffs, and doth thereupon order, adjudge and decree that the defendant be enjoined and restrained from operating the railway track in Horton Place, in St. Louis county, Missouri, between Vendome avenue on the west and the county line on the east, with cars, and from standing and switching and storing cars on said track between said points; and that within ninety days from

the date hereof, the said defendant is enjoined and commanded to remove from said Horton Place, between the points named, the said railway track and all poles and electric wires placed, employed or adapted to the purpose of moving cars thereon; and further, that the plaintiffs recover of the defendants their costs in this behalf expended, and have execution therefor; provided, however, that pending the hearing and determination of a motion for new trial in this case, if any be filed, the enforcement of this decree be stayed and suspended."

Motion for new trial was filed, heard and overruled, whereupon defendant by motion asked the court to modify the decree which motion to modify reads:

"Now at this day comes the defendant herein and moves this honorable court to modify its decree granting an injunction herein so as to permit defendant to use its tracks on said street after removing the same to the south boundary thereof so that said track when removed shall not occupy to exceed fifteen feet of said street exclusive of the south sidewalk thereof; on condition that defendant promptly take an appeal in this case and prosecute the same with due diligence and on condition that no obstruction of said street north of the center thereof shall be made by defendant pending the appeal of this case and on condition that defendant give an appeal bond to be fixed by this court."

This motion being likewise overruled, the defendant in due time and form perfected its appeal to this court. Points made by defendant will be stated and considered in their order.

I.   The first point made by the defendant is that the court upon the close of the evidence should have dismissed plaintiffs' bill. "Because there was a failure upon the part of plaintiffs to prove material and necessary allegations in their petition, in that they

failed to show that the track of the defendant was laid without the authority of the county or State and against their own protest and objection.''

Briefly stated, defendant contends that plaintiffs should have proved affirmatively that defendant had not been granted authority either by the State or county to construct its street railroad in Horton Place, a public thoroughfare, and further should have affirmatively proven that plaintiffs had protested against the action of the defendant in the building of the said street railroad.

Was it incumbent upon the plaintiffs to make proof of the negative allegation or averment that no assent had been given by the county court of St. Louis county to the action of defendant in building its said street railroad, or was it incumbent upon defendant to show its right of occupancy by showing the action of the county court in giving such assent? This is the question before us. The portion of the road involved is or was in St. Louis county.

Our Constitution, section 21, article 12, provides: ''No law shall be passed by the General Assembly granting the right to construct and operate a street railroad within any city, town, village, or on any public highway, without first acquiring the consent of the local authorities having control of the street or highway proposed to be occupied by such street railroad.''

Section 1035, Revised Statutes 1899, provides: ''Nothing herein contained shall be construed to authorize . . . the construction of any railroad . . . upon or across any street in a city or road of any county, without the assent of the corporate authorities of said city, or the county court of such county.''

These provisions of the law have the double purpose of protecting the property-owner and the public. The county court of the several counties have control

of the public roads of the county in the interest of the public, but likewise have in hand the property-owner as a part of that public. To such a body the law wisely gives the power to grant such privileges, if such are granted, for the use of the public highways, other than the usual and ordinary uses thereof. The abutting property-owners have no right to authorize such a use of the public highway. This question we will discuss later. Now to revert to the question first stated. Was it the duty of plaintiffs to make the proof of the negative allegation that the county court had not given its assent to the construction of defendant's street railroad in this public highway? We think not. We think that it was incumbent upon the defendant to have shown this assent, for without such assent, defendant was a trespasser pure and simple. [State ex rel. Titus v. Railroad, 206 Mo. l. c. 263.]

This assent of the county court is in the nature of a license granted by the court to the defendant to use the public highway in the transaction of its business, which business, under the law, is public in character. To so use the street or highway, without this license or assent, is unlawful. With the assent or license, it becomes lawful. The averments in this petition as to want of authority from the State or county, are in their nature negative averments. In State v. Lipscomb, 52 Mo. 32, we said: "A license must be shown by a party claiming its protection. When the subject-matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecution for a penalty for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor; as for selling liquors, exercising a trade or profession, and the like."

207 Sup.—28

This doctrine is reaffirmed in State v. Edwards, 60 Mo. 490, and in criminal cases is, and since these cases has been, the established rule in Missouri. Nor has this court confined the rule to criminal cases as defendant would have us believe. In the early case of State to use v. Schar, 50 Mo. l. c. 394, an action upon a constable's bond, charging failure to return an execution, we said: "The general rule is that he who alleges an affirmative is bound to prove it. But there are some exceptions to this rule. Where the plaintiff grounds his right of action upon a negative allegation, and the proof of the affirmative is not peculiarly within the knowledge and power of the other party, the establishment of this negative is an essential element of the plaintiff's case. Where, however, the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. [1 Greenl. Ev., sec. 79.]" Along the same line are a number of cases from several States, cited in 20 Cent. Digest, columns 201 and 202, secs. 114, 115.

From them all is to be deduced that generally the burden is upon the plaintiff to make out his case. That if in the statement of his case, negative averments are required, and the proof of such negative averments is not peculiarly within the knowledge and power of the defendant, then plaintiff must affirmatively establish such negative averments, but if, on the other hand, the proof of such negative averments lies peculiarly within the knowledge or power of the defendant, then such negative averments will be taken as true unless the defendant speaks and disproves them. Of course, if the knowledge and power to produce the evidence is possessed equally, the plaintiff must make the proof. [People v. Nedrow, 16 Ill. App. l. c. 192; Bonney & Bonney v. Ketcham, 51 Ill. App. l. c. 321.]

In the case at bar, defendant was prohibited by

law from constructing its railroad in a public high-way, without first obtaining the assent of the county court, as is an individual prohibited from selling liquor without the assent of the county court in the shape of a license. In both cases the privilege to do the act requires the action of the county court. In both cases the act is in violation of express law unless favor-able action is taken by the county court. In both cases the plaintiff's pleadings necessarily contain negative averments. Then why should the order of proof be different? We see no reason. The defendant in this case has just as much peculiar knowledge of the fact as to whether or not it applied to the county court for a grant of a privilege to use a public highway and received the assent of such court, as has the individual as to whether or not he has applied to and received from the same body an assent or license to sell liquor. We hardly think Bank of United States v. Dandridge, 12 Wheat. 64, and other cases following it and relied upon by defendant, discuss the real question in this case.

We therefore conclude that the negative allega-tions or averments were properly taken as true under the facts of the case.

II.   It is next insisted that the plaintiffs have com-plete and adequate remedy at law.   There is ample evidence in this record tending to show that by reason of the manner of its construction and the use to which this railroad was put, the practical usefulness of this street, to the abutting land-owners, was destroyed. From the evidence the trial court could have easily so found.   In such case there is no adequate remedy at law and the equitable remedy here sought is the proper one.   [Lockwood v. Railroad, 122 Mo. l. c. 101.] And in Schopp v. St. Louis, 117 Mo. 131, it is further held that such use of a street amounts to a nuisance, both public and private, and that abutting property-

owners could maintain injunction. The use shown by the evidence in this record before us is not the ordinary use made by a street railway company of a street, but it amounted practically to making the street a car and material yard. Cars and materials were left for great length of time standing on the street and in and near the property of the plaintiffs and other abutting owners.

But a sufficient answer to all of this question rests in the fact, that so far as this record shows, the defendant was occupying this street without legal authority. It was a trespasser each succeeding hour and minute. It was violating the law at all times, and under such circumstances it hardly lies within the mouth of defendant to say that, although my unlawful acts are a continual menace to you and your property, you have your action at law for damages. If defendant had lawfully entered the street, the cases relied upon by it would be in point, but we hardly think so in this case. Without showing some legal right to be occupying the street in question, the defendant has no standing in court.

III. As previously stated, one of the allegations in plaintiffs' petition was that this railroad was built in Horton Place over the protests and objections of the plaintiffs. Defendant contends that there was failure of proof on this allegation, and that therefore plaintiffs' bill should have been dismissed. Defendant further contends that by reason of acquiescence and laches plaintiffs are estopped from now disturbing the possession of defendant. We thought best to consider these two questions together and will do so. As to the failure of the record to show that the plaintiffs protested, that would be but one element tending to establish estoppel, so that we only have for real consideration the question of estoppel as now urged by the defendant. The only evidence of estoppel, if that

be considered such, is the mere fact that the road was built and operated nearly two years before active complaints and objections were urged. The whole question is disposed of by the pleadings. Defendant answered by a general denial. Estoppel is an affirmative defense and must be pleaded.

In Bray v. Marshall, 75 Mo. l. c. 330, this court said: "No error was committed by. the court in refusing to consider the facts offered by the defendant for the purpose of establishing an estoppel *in pais*. No such defense was pleaded, and even if the testimony offered were sufficient for that purpose, which we do not decide, it was properly excluded from the consideration of the court and jury."

Again, in Noble v. Blount, 77 Mo. l. c. 242, we find this language: "Nor was there any issue tendered in the pleadings to authorize such evidence or instructions. Estoppel *in pais* must be specially pleaded."

This broad doctrine as above announced continued in full force in this State up to and including the case of Casler v. Gray, 159 Mo. l. c. 595, where we then said: "It is also insisted that as certain bequests were made to the plaintiff John Casler by the will of his wife, which he received, he cannot take under the will, and at the same time claim curtesy in her real estate. It is sufficient to say with respect to this contention, that it could only operate by way of estoppel, which in order to be available must be pleaded."

However, in Price v. Hallett, 138 Mo. 561, in an opinion by GANTT, P. J., there was a modification of the rule to the effect that where the evidence was admitted without objection and such evidence instructed upon, and the parties had full opportunity to meet the issues, it was too late to raise the question in this court. In the Price case, supra, the case was tried as if the plea of estoppel was in the case, as lawyers frequently try cases as if a reply was in, when in fact none had

been filed. Judge GANTT makes this suggestion in the opinion. The Price case has been followed by the latter case of McDonnell v. Bldg. Assn., 175 Mo. l. c. 275, in an opinion by BURGESS, J.

But grant it that there has been a modification of the rule, such modification certainly only goes to the effect that the case below must have been tried as if the formal plea of estoppel *in pais* was actually on file, and if so tried, then the other party could not raise the question of pleading. But a reading of the evidence taken does not show that this case was so tried. Most of the evidence which would in any way tend to prove estoppel was introduced upon another pertinent issue in the case. Under such circumstances this case falls under neither the old rule nor the modification thereof, if we say there has been or should be a modification.

At most the evidence shows mere silence, and this is insufficient.

IV. Lastly, it is argued that the trial court erred in refusing to modify its decree in conformity to the request made by it in the motion to modify. In view of the fact that the defendant failed to show any right to occupy the road at all, there was no error upon the trial court in refusing to modify its decree. To have so modified the decree giving defendant the right to use the south part of the road instead of the center portion thereof, would have been granting the defendant an unauthorized right. The circuit court would have been usurping the powers possessed only by the county court. The modification was therefore properly refused.

It follows from these views that the case has been properly tried, and the judgment should be and is affirmed.

All concur.