# BENJAMIN J. WOLF, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, January 24, 1911.

1. **ATTORNEY AND CLIENT:** Attorney's Lien Statute: Authorizes Contract for Contingent Fee. Sections 964 and 965, Revised Statutes 1909 give attorneys a lien upon their client's cause of action and authorize them to contract for a percentage of the amount recovered by suit or settlement, for their fee.

2. ————: Attorney's Lien: Settlement of Case: Statute. Under section 965, Revised Statutes 1909, where one, after being properly served with notice of an attorney's contract of employment, settles with the attorney's client, without the attorney's written consent, he is liable to the attorney for the amount stipulated for in such contract, which claim may be enforced in a suit against him.

3. **EVIDENCE:** Burden of Proof: Negative Allegation. Generally speaking, the burden of proof lies with the party holding the affirmative of the issue, except where the plaintiff grounds his right of action upon a negative allegation which is peculiarly within the knowledge of the defendant; and matter that is not peculiarly within the knowledge of one party is presumed to be equally within that of both.

4. **ATTORNEY AND CLIENT:** Attorney's Lien: Settlement of Case: Written Consent of Attorney: Burden of Proof. In an action by an attorney to enforce his lien, under section 965, Revised Statutes 1909, arising by virtue of defendant's having settled a case with the plaintiff therein (the attorney's client) without the attorney's written consent, the burden of proof is on the attorney to show he did not consent in writing to such settlement.

5. ————: Attorney's Lien Statute: Requires Strict Proof. The right asserted by an attorney in the enforcement of his lien pursuant to section 965, Revised Statutes 1909, upon the settlement of a case by defendant without his written consent is in derogation of the common law and proceeds in pursuit of a penalty which the law levies against the defendant for the infraction of the attorney's statutory right, and in respect of such matters, the law, as a rule, requires strict proof, for, though legitimate inferences are to be considered, intendments are not allowed to aid a recovery when a penalty is pursued.

6. ————: Attorney's Lien: Settlement of Case: Written Assent of Attorney Not Proved. In an action by an attorney to

enforce his lien, under section 965, Revised Statutes 1909, arising by virtue of defendant's having settled a case with the plaintiff therein (the attorney's client) without the attorney's written consent, *held*, there was no proof, direct or inferential, that the attorney did not give such consent.

7. PLEADING: Function of General Denial.    An answer in the form of a general denial operates to put plaintiff on proof of every material fact essential to his right of recovery.

8. ATTORNEY AND CLIENT: Attorney's Lien: Settlement of Case: Written Assent of Attorney: Lack of Proof: Not Waived by Cross-examination.  In an action by an attorney to enforce his lien, under section 965, Revised Statutes 1909, arising by virtue of defendant's having settled a case with the plaintiff therein (the attorney's client) without the attorney's written consent, defendant, by cross-examining the attorney's witnesses, suggesting he had no contract with his client, did not waive its right to insist upon proof by the attorney that he did not give his written consent to the settlement.

### DISSENTING OPINION BY REYNOLDS, P. J.

9. ————: ————: ————: ————: Waiver by Cross-examination.  In an action by an attorney to enforce his lien, under section 965, Revised Statutes 1909, arising by virtue of defendant having settled a case with the plaintiff therein (the attorney's client) without the attorney's written consent, cross examination by defendant's counsel, proceeding, not on the theory that the attorney had ever consented to the settlement, but that he had not in fact ever been employed by his client, was inconsistent with a claim of assent to the settlement on the part of the attorney.

10. ————: ————: ————: ————: Written Consent of Attorney Held Proved.  In such an action, *held* the evidence was sufficient to warrant a finding by the jury that the attorney had not given his consent in writing to the settlement.

11. ————: ————: ————: ————: Burden of Proof.  In such a case, the burden is upon defendant to prove the written assent of the attorney to the settlement, when defending against the lien.

12. ————: Attorneys' Lien Statute: Liberal Construction.  The Attorneys' Lien Law (sections 964, 965, Revised Statutes 1907), is remedial and to be liberally construed.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED AND REMANDED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

The demurrer to the evidence should have been sustained: (a) There is no evidence that the alleged settlement, made by defendant with plaintiff's client, was without his written consent. Sec. 965, R. S. 1909; Marshall v. Ferguson, 94 Mo. App. 175; State v. Hirsch, 45 Mo. 429; Swinhart v. Railroad, 207 Mo. 423, 434; Rex v. Rogers, 2 Camp 654; Rex v. Jarvis, 1 East. 311 (note); Little v. Thompson, 2nd Me. 228; Rex v. Hazy, 2 C. and P. 458; 1 Greenleaf on Ev., sec. 78.

*John J. O'Conner* for respondent.

(1) Under sec. 965, R. S. 1909, where an attorney has a contract with his client by which he is to receive for his fee a certain per cent of the amount recovered, and he serves written notice on the defendant of his contract, it then becomes the duty of the defendant to take such attorney into account on making any settlement or compromise with such client of her or his said claim, and when the defendant ignores such attorney, and settles such claim with said client without defendant having the written consent of such attorney to make such settlement, and the client fails to pay said attorney his fee, the defendant becomes liable to the attorney for the amount of his per cent designated in said contract. O'Connor v. Transit Co., 198 Mo. 641. (2) It is the defendant, and not the client, who shall secure the written consent of the attorney before settling with his client. Sec. 965, R. S. 1909. (3) But even though a negative averment may be necessary to the statement of a perfect cause of action, yet, being negative and the facts relating to it being peculiarly within the power or knowledge of the defendant, the establishment of such negative allegation is not an essential element in plaintiff's case, for, where the subject-matter of a negative averment lies within the knowledge of the other party.

the averment it taken as true, unless disproved by that party. Fulwider v. Trenton Gas L. & P. Co., 216 Mo. 582; Long v. Nute, 123 Mo. App. 204.

NORTONI, J.—This is a suit under the attorney's lien statute for compensation from defendant on account of services rendered by plaintiff attorney to his client in a cause which was settled by defendant without the alleged written consent of plaintiff. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff is an attorney at law engaged in the practice of his profession in the city of St. Louis and as such was employed by Clara M. Tucker to prosecute a claim for damages which accrued to her through a negligent injury inflicted while she was a passenger on defendant's car. While Clara M. Tucker was a passenger on defendant's street car, she suffered an injury through the negligent derailment of the car and employed plaintiff attorney, by a contract in writing, to prosecute her claim and collect damages from defendant through a suit at law or settlement and agreed to give him fifty per cent of the amount reovered, as compensation for his services. In due time, plaintiff served a notice of his employment upon defendant street car company and about this fact there is no controversy. Some time thereafter, defendant settled the claim of Clara M. Tucker with her in person and took a release and acquittance of her cause of action, for which it paid her the sum of $500. Thereafter, plaintiff instituted this suit against defendant under the attorney's lien statute, seeking to recover from defendant as his compensation $250, or one-half the amount it had paid to his client, on the theory that defendant had settled the cause of action without his written consent, in disregard of the statute. The attorney's lien statute referred to gives an attorney at law a lien upon his client's cause of action and authorizes contracting for a contingent fee of a percentage of the amount recovered by suit or settle-

ment.   The statutes referred to are sections 964 and
965, Revised Statutes 1909.   It is provided in the section
last cited that upon an attorney contracting with his
client for services in such cases, he may serve a notice
in writing upon the party against whom the claim is
asserted as to the fact of his employment and the amount
of the compensation he is to have, and that the agree-
ment with his client shall operate from the date of such
service as a lien upon the claim or cause of action and
upon the proceeds of any settlement between the parties
either before suit or action is brought or before or af-
ter judgment thereon.   It is further provided therein
that if any defendant or proposed defendant with re-
spect to such claim, after notice served by the attorney,
settles the same with the client or claimant, without
first procuring the written consent of such attorney, it
shall be liable to him for such attorney's lien upon the
proceeds of the settlement as per the contract existing
between the attorney and his client.   Under this statute,
it is the rule of decision that through the act of settling
a cause of action with the attorney's client after proper
notice of his contract of employment and without his
written consent, the law raises an obligation on the part
of the party so settling the claim or cause of action to
recompense the attorney in accordance with the amount
stipulated for in the contract with his client and such
claim may be enforced in a suit by him against the set-
tling defendant.   [O'Connor v. St. Louis Transit Co., 198
Mo. 622, 97 S. W. 150; Taylor v. St. Louis Transit
Co., 198 Mo. 715, 97 S. W. 155.]   Plaintiff predicates
his right of action upon the statute above referrred to
and avers that though defendant had due notice of his
contract of employment by Clara M. Tucker for compen-
sation at the rate of fifty per cent of the amount recov-
ered by her, it settled the claim or cause of action direct-
ly with her without his written consent.   On the trial,
plaintiff proved all of the facts essential to his right of

155 App.—9

recovery, unless it be the allegation contained in his petition to the effect that he had not given his written consent to the settlement. On this question there is not a word of direct proof in the record, and so far as we have been able to ascertain after reading the entire evidence several times, there is a total absence of any facts or circumstances in the proof giving rise to a reasonable inference that plaintiff did not give his written consent to the settlement. At the conclusion of the evidence for plaintiff, defendant moved the court to direct a verdict for it, but the request was denied and no evidence whatever was offered on its part.

The principal argument advanced for a reversal of the judgment is to the effect that plaintiff failed to sustain the burden which the law placed upon him, by introducing sufficient proof to show a prima facie right of recovery, in that it does not appear defendant settled the caused of action with Clara M. Tucker without his written consent. Indeed, it is said from all that appears it may be plaintiff gave both written and verbal consent to the settlement and it did not devolve upon defendant to prove the contrary. We believe the argument to be sound for besides the statute on which the suit predicates being in derogation of the common law and in its character penal, it confers a cause of action upon plaintiff in the circumstances stated only when the settlement. is had without his consent, for of course written consent is included in the broader term of consent alone. In other words, if no consent whatever is given, of course, then no written consent for the settlement was had. Though the mere verbal consent of plaintiff to the settlement might not be a valid defense for defendant, nevertheless no right of action accrued to plaintiff unless the settlement was made without his consent and by the express terms of the statute, a cause of action did accrue to him if the settlement was made by defendant without his written consent. It is therefore entirely clear that plaintiff *grounds* his right of recovery on the fact that

the settlement was made by defendant with his client, Clara M. Tucker, without his written consent. Indeed, recognizing such to be essential to his right of recovery, plaintiff by negative averment in his petition, avers the settlement was made without his written consent. But though he negatives the fact by averment, no proof whatever was given thereon and the matter was equally within his knowledge as within that of defendant. Generally speaking, the burden of proof lies with the party holding the affirmative of the issue, but there is an exception to the rule in those cases where the plaintiff grounds his right of action upon a negative allegation, and this exception obtains alike in both civil and criminal cases. [See 1 Greenleaf on Evidence, sec. 78.] It is true though plaintiff's petition in a civil suit or the indictment in a criminal case contains a negative averment, the plaintiff or prosecutor is not required to prove the negative in those cases where the knowledge of such fact lies peculiarly with the defendant. Such is the rule in criminal cases where one is prosecuted for selling liquor without license; for, if the defendant has a license, it is a matter which as between him and the prosecuting officer, lies peculiarly within his knowledge and therefore is easily susceptible of proof by defendant through the mere production of the license, while the prosecuting officer would be required to search through the records of other public offices than his own to ascertain the fact. [State v. Lipscomb, 52 Mo. 32.] For the application of the identical doctrine under like circumstances with respect to other criminal matters, see State v. Meck, 70 Mo. 355, 358. On the other hand, in a criminal prosecution against a peddler for selling goods, wares, and merchandise not the growth, produce or manufacture of this state and without a license, though it devolved upon defendant to show his license as a fact peculiarly within his knowledge, the court declared it was for the state to prove the negative averment that the goods, wares, and merchandise were not the growth, produce or manu-

facture of this state; for in such case, the knowledge of the relevant fact was not peculiarly with the defendant and it may lie as well with the one party as the other. [State v. Hirsch, 45 Mo. 429; Commonwealth v. Samuel, 2 Pick. 103.] So, too, on an indictment for coursing deer in the close of another without the consent of the owner, the court ruled the *onus* was on the prosecution to prove the negative averment that the consent of the owner was not first had. [Rex v. Rogers, 2 Camp. 654.] To the same effect, see Rex v. Hazy, 2 Car. & Paynes 458. In civil cases, the rule proceeds to the same effect, for it is held in a suit on a constable's bond for failure to return an execution that it is sufficient for plaintiff to show that the execution was delivered to the defendant constable and not essential for him to prove the negative averment that it had not been returned. The court declared the fact of the return of the execution was one peculiarly within the knowledge of defendant constable not equally open to ascertainment by plaintiff and therefore affirmative proof of the negative allegation on the part of the plaintiff was not required. [State ex rel. v. Schar, 50 Mo. 393.] See, also, People v. Nedrow, 16 Ill. App. 192; Robinson v. Robinson, 51 Ill. App. 317.] So, where the defendant railroad company was sued for laying its tracks in a public road without the consent of the county court, which is by the Constitution required to be first had in such circumstances, the court declared the burden of proof as to the negative averment was with the defendant. It is said in that case the act charged against the defendant was against the policy of the law and if it had obtained the consent of the county court in the premises it was a matter peculiarly within its knowledge as between it and the plaintiff and covenient to show, while, with the plaintiff, it was not of such easy access. [Swinhart v. St. Louis & Sub. R. Co., 207 Mo. 423, 105 S. W. 1043. To the same effect, see, Fulwider v. Gas, Light, Etc., Co., 216 Mo. 582, 116 S. W. 508.] On the other hand, in a case

where the plaintiff, a principal, sued his agent for violating his trust, to the damage of the principal and without his consent, this court declared that as plaintiff grounded his right of recovery upon the negative averment that he had not given the consent involved to his agent, the burden of proof of that fact was with him, for it was a fact not peculiarly within the knowledge of the defendant in that it was equally known to both parties. [Marshall v. Ferguson, 94 Mo. App. 175, 67 S. W. 935.] See, also, Little v. Thompson, 2 Me. 228, where the question arose on the face of the pleading. Of course, if a matter is not peculiarly within the knowledge of one party, it is presumed to be equally within that of both and, as recently said by our Supreme Court, if plaintiff grounds his right of recovery on a negative averment, he is required to prove such negative if the knowledge and power to give evidence of the fact is possessed equally as between him and the defendant. This principle is obviously deduced from and portrayed in all of the authorities on the subject and besides possesses the indorsement of our Supreme Court in plain terms. [See Swinhart v. St. Louis & Sub. R. Co., 207 Mo. 423, 434, 105 S. W. 1043; Fulwider v. Gas, Light, etc., Co., 216 Mo. 582, 594, 116 S. W. 508; 1 Greenleaf on Evidence, sec. 78.]

Though defendant had knowledge of the written consent of plaintiff to the settlement, if such was given, its knowledge in that behalf was not peculiar to itself as between it and the plaintiff, for he equally knew the fact. In other words, plaintiff knew whether or not he had given his written consent to the settlement and might have adduced all of the evidence necessary on the subject by the mere statement that no such consent was given. He was a witness on the stand and the matter was as convenient, if not more so, to be given in evidence by him as on the part of defendant, who, of course, would be called upon to search for and produce the writing to the end of proving the fact. However, the matter is not to be determined as if the fact were peculiarly

within the knowledge of plaintiff, for it was not; but the precise principle invoked and the one which should influence the judgment of the court is that the proof of the negative averment was *equally* within the knowledge of both parties. This being true, it devolved upon plaintiff to prove the fact that no written consent was given for the reason that he grounds his cause of action thereon. Besides the right asserted is in derogation of the common law and proceeds in pursuit of a penalty which the law levies against the defendant for the infraction of the statutory right of plaintiff. In respect of such matters, the law, as a rule, requires strict proof, for, though legitimate inferences are to be considered, intendments are not allowed to aid a recovery when a penalty is pursued.

But, on this feature of the case, it is to be distinguished from those where the defendant is charged with doing an unlawful act under a negative averment as without license, for here, instead of the act charged being unlawful in the general sense of the word, it is violative of the rights of one individual, the plaintiff. In other words, the act of settling a lawsuit is commendable and therefore favored by the policy of the law in the broad sense of that term, for it promotes the peace and repose of society as a whole, though the averred circumstance of settling the cause of action without the written consent of the attorney violated the rights of an individual member of the social compact and vested a cause of action in him. However, this discussion is beside the case, as the precise situation presented is one where the plaintiff grounds his cause of action on a negative averment, the knowledge of which is obviously not peculiar to defendant for the fact so negatived is equally known to both and quite as susceptible to proof by plaintiff, if not more so, than by defendant. In such circumstances, all of the authorities reflect the proposition that the onus is on the plaintiff, as stated by our Supreme Court in the cases cited, supra.

There can be no doubt that facts and circumstances in proof may afford reasonable inferences which supply deficiencies that otherwise appear. Because of this, though there is no direct testimony that plaintiff's consent was not given, we would nevertheless sustain the judgment if any collateral facts or circumstances in evidence afforded a reasonable inference to that effect; but after carefully reading all of the evidence several times, we are unable to deduce a single legitimate inference therefrom to sustain the verdict on this score. The nearest the plaintiff comes to saying anything about this matter is when he states he received none of the money paid by defendant to his client. Of course, conceding this to be true, it affords no inference whatever that he had omitted to give his written consent to the settlement and defendant introduced no proof which aided the cause for plaintiff. Indeed, defendant made no defense whatever and introduced no evidence of any kind. Defendant moved a direction of a verdict for it at the conclusion of plaintiff's evidence and excepted to the action of the court in denying the request. This, of course, raised the question of the insufficiency of the proof to make a prima facie case for plaintiff and on this proposition it still insists. We have been unable to discover from the record the meaning of the argument that the defense was along different lines on the trial, as though this matter were unimportant, for no defense whatever was made in the trial court. Defendant interposed an answer in the form of a general denial which operated to put plaintiff on the proof of every material fact essential to his right of recovery, and requested the court to direct a verdict for it at the conclusion of plaintiff's evidence on the theory that a prima facie case was not made. It is true defendant's counsel cross-examined the witnesses and inquired about several matters suggesting plaintiff had no contract with Clara M. Tucker. This pertained to the right of recovery and was competent under the general denial but by so doing defendant nei-

ther waived its right to insist upon the want of sub-
stantial evidence to support the verdict nor waived its
right to be heard in a court of review. As to the sug-
gestion that the argument advanced is technical and
without merit, it is to be said that the principle invoked
is fundamental on the question of the burden of proof
and has come to us as a parcel of the heritage of our
system of jurisprudence, which is the result of the ac-
cumulated wisdom of ages. No one may successfully
say that the rules of the common law which pertain to
the placing of the shifting of the burden of proof are
technical, in the sense that they are unjust. In its ap-
plication, the principle involved is entirely just, for
it places the duty of proving the negative averment pre-
cisely where it belongs in good conscience and its in-
tegrity should not be sacrificed to aid an erring brother.
It may be if this suit were by an administrator or execu-
tor instead of the plaintiff in person the onus would
rest on the defendant, for in such circumstances the
plaintiff, being dead, proof of the negative would lie
peculiarly within the knowledge of defendant as between
it and the administrator. But this question is not pre-
sented and is not decided.

Because of the failure of proof above discussed, the
judgment should be reversed and the cause remanded.
It is so ordered. *Caulfield, J.,* concurs; *Reynolds, P. J.,*
dissents.

## DISSENTING OPINION.

REYNOLDS, P. J.—While my learned associate,
Judge NORTONI, has made a very fair statement of the
facts, I consider it necessary to an understanding of
my position to set them out somewhat more in detail.

The petition or statement in this case avers that
plaintiff, an attorney and counselor at law, engaged in
practicing as such in the city of St. Louis, entered into
a written contract of employment with one Clara Tuck-

er, whom, it is averred, was, on or about June 7, 1908, injured while then a passenger on a street car under the control and management of the defendant corporation, by the terms of which contract plaintiff undertook the collection, as an attorney, of the claim which Clara Tucker had against the defendant on account of injuries so received; that in consideration of his services, plaintiff was to receive one-half of all sums of money which should be recovered by or through compromise of the claim upon which the suit should be based; that plaintiff served written notice of his contract of employment on the vice-president and general manager of the company, this notice setting out what was claimed to be the contract of employment and of the compensation to be received by plaintiff for his services, being also set out in the statement. The notice was dated June 8, 1908, and was served about that date. It is further averred that afterwards and while plaintiff was negotiating the settlement of the claim, the defendant, in October, 1908, "without the knowledge or consent of this plaintiff," settled and adjusted the claim with Clara Tucker for the sum of $500, which it paid her, whereby the cause of action was settled, and a suit or suits on account thereof thereby barred; that Clara Tucker appropriated and retained to her own use the whole of the $500 and failed and refused to pay plaintiff the half of it; that she is insolvent and wholly irresponsible and that no action prosecuted against her would enable plaintiff to recover any portion of his fee from her. Plaintiff avers that the premises considered, he has a lien upon the cause of action for one-half of the amount so paid and that by the act of the defendant company in settling the cause of action without his consent, he has been deprived and defrauded of his lien and that thereby defendant is indebted to him on account of the contract created by the lien and notice of the same in the sum of $250, for which he asks judgment. This statement was

filed, before a justice of the peace, where the cause was instituted and there tried, resulting in a verdict for defendant from which plaintiff appealed to the circuit court where the cause was tried de novo on the above statement, defendant filing no written pleadings.

At the trial in the circuit court, the contract between plaintiff and Clara Tucker was introduced and read in evidence without objection made or exception saved. It is as set out in the statement filed before the justice.

There was no direct evidence in the case offered by plaintiff, that the alleged settlement was made by defendant with plaintiff's client without the written consent of plaintiff. Nor was there any evidence offered by defendant of any consent by plaintiff to the settlement.

The notice of plaintiff to defendant, of his contract, as alleged in the petition, was introduced in evidence, and the fact of its service upon the managing officer of defendant was not controverted. The notice itself is dated June 8, as stated in the petition. The release executed by Clara Tucker was read in evidence by plaintiff, having been produced by defendant on notice to that effect. It is dated September 30, 1908, purports to be signed by Miss Clara M. Tucker and to be witnessed by the signatures of two persons, one of them an attorney and member of a firm, claimed by defendant in questions its counsel put in cross-examination of witnesses to have succeeded the plaintiff as attorney for Miss Tucker. This release acknowledges the receipt by Clara M. Tucker from defendant of $500, and on that consideration releases and acquits and discharges defendant from any and all liability accrued or thereafter accruing on account of any and all claims or causes of action which Clara M. Tucker now has or may hereafter have against the company defendant, on account of injuries received on or about June 7, 1908, through being a passenger on the car of the company. There

was no contention or pretense that this release did not relate to the accident concerning the claim for the prosecution or settlement and collection of which plaintiff was employed by Clara Tucker, nor that the Clara M. Tucker who signed the release was not the party plaintiff claimed to represent.

At the close of the evidence for plaintiff, defendant interposed a demurrer. That being overruled and defendant introducing no evidence, there was a verdict and judgment for plaintiff, for the full amount claimed, from which defendant has duly appealed.

As will be noticed this is an action under section 965, Revised Statutes 1909, relating to liens of attorneys for their fees, and prohibiting a defendant, with notice of the lien, from settling the case without the written consent of the attorney.

Counsel for appellant make three points for a reversal. It is only necessary to notice the first point, as it is upon the conclusion arrived at on this that I am compelled to differ with my learned associates. That point is, that there is no evidence that the alleged settlement made by defendant with plaintiff's client was without his written consent. Swinhart v. St. Louis & S. R. Co., 207 Mo. 423, l. c. 434, 105 S. W. 1043, is cited in support of this. In that case, after stating the general rule to be that the burthen of proof is on the party holding the affirmative, and noting exceptions to that rule, and citing Greenleaf on Evidence, sec. 78, in support of it, Judge GRAVES adds: "Of course, if the knowledge and power to produce the evidence is possessed equally, the plaintiff must make the proof." The learned judge cites People v. Nedrow, 16 Ill. App. l. c. 192, and Bonney & Bonney v. Ketcham, 51 Ill. App. l. c. 321, in support of this, but a reference to these cases hardly bears out the rule as announced. Nor have I found any case that does. It is true that in Fulwider v. Trenton Gas, Light & Power Co., 216 Mo. 582, l. c. 594, 116 S. W. 508, Judge LAMM lifts the whole paragraph in which this sentence

is found into his opinion, apparently with approval. But in neither of these cases is that involved, and while referring to the general rule, that the burden of proof lies in the one holding the affirmative, both Judge GRAVES and Judge LAMM refuse to apply it in those cases. In prosecutions for selling liquor without a license, the rule is not followed, for it is surely as much within the knowledge of the state as of the defendant whether defendant has a license as a dramshop keeper. The indictment or information must negative the possession of a license or it is fatally defective. It is hardly to be presumed that a grand jury or a prosecuting officer made the averment of no license without having proof that none had been taken out; so that here knowledge of the fact was equally held by each. Yet all our decisions are, that proof of fact of license rests with defendant. Of course we are bound to accept and follow the last controlling ruling of our Supreme Court on this as on all other points. The point I shall endeavor to demonstrate here, however, is, that taking all the facts in the case and the circumstances surrounding the trial, this plaintiff has met the requirement of making affirmative proof of lack of consent by him to the settlement.

The case of Little v. Thompson, 2 Me. 228, incorrectly cited by counsel as 21 Me. 228, is also cited and quoted from; at the conclusion of the quotation, counsel saying that it was held in that case "that the absence of evidence of the want of consent was fatal to plaintiff's case." In Little v. Thompson, the point in decision is the sufficiency of the declaration to support the verdict. Not a word is said as to the evidence in the case, the court holding that for lack of the averment in the declaration, that the act was done "without the consent of the owner," whose property had been taken, the petition was fatally defective. In the case at bar the averment of lack of written consent is distinctly made.

Rex v. Rogers, 2 Campbell 654, also cited, was an

indictment for coursing deer in inclosed ground belonging to a party named, "without the consent" of the owner of the deer. As stated in the report of the case, the question was whether the onus lay upon the prisoner to prove that he had the consent of the owner to course deer in the place in question. Mr. Justice Lawrence held that it was necessary in a criminal prosecution to call the owner for the purpose of proving that he had not given his consent to the prisoner, and he adds, "and this witness not appearing, the jury were directed to find a verdict of not guilty." That hardly fits the facts in this case.

In Rex v. Hazy and Collins, 2 Carrington & Payne 458, also cited, an indictment for lopping and topping a tree, "without the consent" of the owner, it appeared that the owner had died before the trial, having previously given orders for the apprehension of the prisoners on suspicion. The only evidence of lack of consent was by the steward, called to prove that he himself had never given any consent and from all he had heard his master say, he believed that he never did. The owner, before he died, had given orders for apprehending the prisoners on suspicion. Mr. Justice BAYLEY told the jury that they must be perfectly satisfied that the prisoners had not obtained the consent of the owner of the tree to lop it and left it to the jury to say whether they thought there was reasonable evidence to show that in fact he had not given any such permission. He adverted to the time of the night when the offense was committed and to the circumstance of the prisoners running away when detected, "as evidence to show, that the consent required had not in fact been given." The defendants were found guilty. These two English cases arose and were determined at *nisi prius,* the one in 1811, the other in 1826. In neither of these cases was there direct proof; in the last the jury were left to draw the inference of lack of consent of the owner, not on affirmative testimony of lack of consent, but from all the facts and

circumstances in evidence. But the indictment affirmed a negative and without that averment being proven by the Crown, no conviction could have been sustained.

In State v. Meek, 70 Mo. 355, the court held (l. c. 359) that in many cases a negative averment is not necessary to be proven; it is to be considered as proved, if it is not disproved by the defendant.

From these authorities, it is clear that the application of the rule depends largely upon the facts in each particular case.

There were no pleadings in the case at bar on the part of defendant. It did appear by the evidence that defendant had made the settlement; that that settlement was signed by Clara M. Tucker; that her signature was witnessed by two other parties, one of them the attorney whom, it was claimed by defendant, was a member of the law firm which succeeded plaintiff as attorney for Clara M. Tucker in the prosecution of the claim against defendant, as it was claimed by defendant. While it is true that the defendant introduced no evidence, its line of defense was clearly developed by the vigorous cross-examination of the plaintiff and his witnesses. The whole line of cross-examining proceeded, not on the theory that plaintiff had never consented to the settlement, but that he had not in fact ever been employed by Miss Tucker, and that whatever employment he may have had was revoked and other attorneys employed. This was absolutely inconsistent with any claim of assent to a settlement on the part of plaintiff.

An attempt even was made by defendant's counsel to prove that the services rendered by plaintiff were of no such value as to warrant his claim to one-half the amount recovered by or paid to Miss Tucker. Clearly the jury had facts before it from which it had a right to infer that the settlement was made without the consent of plaintiff. On the facts in evidence as I have set them out, the court was justified in leaving it to the jury to find whether plaintiff had given written consent

to the settlement. The instructions given by the court distinctly require the jury to find that no consent (not limiting it even to written consent) had been given by plaintiff. For these reasons I think that this first assignment of error should be overruled. It is inconceivable that defendant had, or even did have in its possession, any written consent of plaintiff. Surely if such was a fact, defendant would not have hesitated to make some showing to that effect, and thus effectually and finally end this controversy. The jury was surely warranted in finding that it had no such evidence; that was an inference they had a right to draw from the facts in evidence. If defendant had evidence of assent, it had no right to lie by and set heel traps for an unwary plaintiff. That is not the road to justice. After all, this is not so much a question of where the onus lies, as one of practical results to be reached. Courts are not to be used for the mere purposes of illustrating or enforcing barren technicalities that do not lead to justice. To reverse on the ground that lack of written consent had not been testified to in so many words, in my opinion would be in contravention of section 2082, Revised Statutes 1909, which prohibits an appellate court from reversing the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error and materially affecting the merits of the action. I will add that I do not appreciate the force of the argument that this statute giving a lien is to be strictly construed against one claiming a lien, as being in derogation of the common law. All statutes are innovations on the common law unless they happen to re-enact or are in aid of the common law. This statute is remedial and to be liberally construed. [Wait v. Railroad, 204 Mo. 491, l. c. 501; 103 S. W. 60.] My own view of section 965 is that notice of the contract being proven to have been given, it is for the defendant to prove assent, consent, to a settlement, when defending against the lien.

I do not here notice the other points—two of them —made by counsel for appellant, further than to say I think them without merit. As my learned associates have concurred in reversing on the one point, I take it they have given no consideration to these other points. My conclusion is that the judgment of the circuit court should be affirmed.